In re The **INSTITUTE OF BUSINESS AND PROFESSIONAL EDUCATION, INC., Debtor.**

Bankruptcy No. 87–03481–BKC–SMW.

United States Bankruptcy Court, S.D. Florida.

Nov. 28, 1987.

Martin L. Sandler, Wood, Lucksinger & Epstein, Miami, Fla., for Creditor.

Damodar S. Airan, Miami, Fla., for debtor.

## CORRECTED ORDER DISMISSING CHAPTER 11 PROCEEDINGS

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE CAME ON TO BE HEARD before the Judge of this Court on October 27, 1987, on the Motion of Ian M. Reiss and other creditors of this estate to dismiss the Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code. The Court, having examined the evidence, having heard testimony of the witness, having considered the demeanor and candor of the witness, having heard argument of counsel for the debtor and the moving creditors, and being otherwise fully advised in the premises, makes the following findings.

On September 28, 1987, The Institute for Business and Professional Education, Inc. (the debtor), filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code. The debtor is a corporation formed in 1981, with its primary business purpose being to engage in the presentation of business seminars. The debtor is one of many corporations owned by Damodar S. Airan (Airan) and is used as part of his various business enterprises. Airan is a lawyer and a 50% shareholder of the debtor, along with his wife, who owns the remaining 50% of the corporation's stock. She is also an officer and director of the debtor.

The debtor earned no income after approximately 1982 or 1983. Since that time, the debtor sponsored only a few seminars because of the depressed real estate market, the most recent seminar having been held in February 1987. Another seminar is planned for December 1987. No charge to participants was made for the February seminar; none is contemplated for the next lecture. The primary purpose of these lectures is to develop general interest in real estate and to solicit potential investors for real estate ventures promoted by Airan.

This debtor has no obligations other than those debts owed to the movants, except for approximately $1,000.00 of accounts

payable owed to an affiliate corporation which is also owned by Airan. The only account receivable is over two (2) years old and is likewise due from an affiliate. The remaining assets, unrelated to the movant's claims, are lecture materials, brochures and promotional items.

The debtor has no records of shareholders' or directors' meetings, except for the original incorporation meeting and a meeting recently held on September 25, 1987, where the corporation agreed to purchase certain partnership units. The units are the subject of litigation recently pending in the Dade County Circuit Court.

These limited partnership units were purchased by Airan from the original investors of a limited partnership of which he is a general partner after a dispute arose concerning information contained in the Private Placement Memorandum used in connection with the original sale. It is unnecessary for the purposes of this decision to make any finding regarding the *bona fides* of that dispute; but, as a result of claims made by the investors, Airan agreed to repurchase the units. After Airan defaulted on the purchase agreement, the investors sued to foreclose on their collateral, which they retained as security for performance of his obligation. The units comprise the core assets of the debtor.

After about seven months of litigation, final judgments of foreclosure were entered by the Dade County Circuit Court in favor of the sellers and the foreclosure sale was scheduled for 11:00 a.m. on September 28, 1987. On September 25, 1987, Airan sold his interest in the units to the debtor, subject to the judgments held by the moving creditors. The sale was for approximately $100.00, plus assumption of the obligations due the movants, totalling $164,-095.00. The debtor has no current income, no foreseeable future income, and no other assets of commercial value available to pay creditors. The transfer was motivated solely to prevent Airan's personal involvement in a possible bankruptcy and to avoid embarrassment as a consequence of the foreclosure because he is a real estate promoter and lecturer.

The Court finds that filing of the Chapter 11 petition was motivated by personal interests of Airan, and not by any good faith effort to reorganize the debtor. The debtor has no business to reorganize. It has no revenues, no employees, no general unsecured creditors except debts to an affiliate. The transfer was made with nominal consideration and for the sole and exclusive purpose of delay in an effort to frustrate the pending sales pursuant to final judgments of foreclosure. Had Airan been serious about this process, he was an eligible debtor and could have filed a Chapter 11 petition; he might have transferred these assets to one of his other corporations with income and assets to support a reorganization. But the facts and circumstances surrounding the sale do not demonstrate to this Court the essential requirements of a *bona fide* filing.

Where there is a change in the legal form whereby title to property is held which takes place just prior to the filing of a Chapter 11 petition, it is incumbent on the Court to examine closely the intent and purpose of transfer and the filing. This Court must inquire into the good faith of the filing to prevent an abuse of the Court's jurisdiction. The burden is on the debtor to establish that the petition is filed in good faith. *In re Lotus Investments, Inc.,* 16 B.R. 592, (Bankr., S.D., Fla.1981).

The business of this Court is serious. It is a Court of last resort for debtors seeking relief from financial adversity. It is available for protection of the worthy debtor who comes before the Court in good faith seeking the Court's jurisdiction to assist in the rehabilitation process. That jurisdiction must be jealously guarded and should not be abused. *In re Eden Associates,* 13 B.R. 578, 4 C.B.C.2d 1249, (Bankr., S.D. N.Y., 1981).

The Court therefore concludes that the Chapter 11 petition filed by the debtor herein was not filed in good faith and should be dismissed, with prejudice to the debtor filing a Chapter 11 petition for a period of one (1) year. *In re Nancant, Inc.,* 8 B.R. 1005, (Bankr., D.Mass., 1981); *In re Lotus Investments, Inc., supra.*

Based on the foregoing, it is

ORDERED AND ADJUDGED:

1. The debtor's Voluntary Petition for Relief under Chapter 11 of the United States Bankruptcy Code is hereby dismissed, with prejudice to the debtor filing a Voluntary Petition for Relief under Chapter 11 for a period of one (1) year from the date of this Order.

2. This Court retains jurisdiction for the sole purpose of awarding costs, attorneys' fees, or imposing sanctions as the Court may deem appropriate with respect to this filing. Attorneys' fees, costs, and sanctions, if any, shall be considered by this Court at a subsequent hearing based upon a motion for the granting of such relief by the movants. This Court did not consider the award of attorneys' fees, costs, or the granting of sanctions at the hearing on the Motion to Dismiss, although such relief was previously requested by the movants.