In re **FOREST ACTIVITIES, LTD.**, a Florida limited partnership, Debtor.

Bankruptcy No. 87–03892–BKC–SMW.

United States Bankruptcy Court, S.D. Florida.

Jan. 19, 1988.

Harold D. Moorefield, Jr., John C. Shawde, Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, Fla., for Weiss Investments, Ltd.

John W. Kozyak, Kozyak, Tropin & Throckmorton, P.A., Miami, Fla., for debtor, Forest Activities, Ltd.

### ORDER GRANTING MOTION TO DISMISS CASE

SIDNEY M. WEAVER, Bankruptcy Judge.

This matter came before the Court upon Weiss Investments, Ltd.'s ("Weiss") Motion to Dismiss Forest Activities' (the "debtor") bankruptcy case under 11 U.S.C. § 1112 based upon the debtor's lack of good faith in filing its voluntary petition under Chapter 11 of the Bankruptcy Code. On December 21, 1987, the Court conducted an evidentiary hearing on Weiss' motion. Having considered the arguments of counsel, observed the candor and demeanor of the witnesses and reviewed the documentary evidence presented, the Court makes the following findings of fact and conclusions of law and dismisses the debtor's bankruptcy case with prejudice.

Weiss was the owner and holder of a Purchase Money Promissory Note in the amount of $3,870,000.00 and a Mortgage and Security Agreement dated September 30, 1982 mortgaging certain real property located in Dade County, Florida (the "property"). The property which was the subject of the Note, Mortgage and Security Agreement is the site of a 100 unit condominium complex called the Sherwood Apartments.

The Note was due and payable in full on September 30, 1987. The original maker of the Note, Lloyd Boggio ("Boggio"), transferred title to the property by quit claim deed to Jon C. Hall, as trustee, ("Hall") under an unrecorded Land Trust Agreement. The sole beneficiary of the Land Trust to whom Boggio transferred legal title to the property was Sherwood Associates, a Florida general partnership.

As a result of certain defaults under the terms of Weiss' Note and Mortgage, Weiss instituted foreclosure proceedings in state court on November 12, 1986 naming Hall as a defendant. On September 3, 1987, Weiss obtained a Final Summary Judgment of Foreclosure in the amount of $4,175,-059.49, plus interest. Hall did not defend Weiss' summary judgment on the merits. Weiss agreed to postpone the scheduled foreclosure sale for one month to permit Hall an opportunity to resolve Weiss' judgment. On October 27, 1987, two days before the continued foreclosure sale was to be conducted, the debtor filed its petition in this Court claiming to be the owner of the property.

During the pendency of Weiss' foreclosure proceedings, on December 9, 1986, Sherwood was restructured from a general partnership to a limited partnership, the debtor. Of Sherwood's fifteen partners, ten became partners in the newly-created debtor, and the affairs of both partnerships were coordinated from the offices of a Chicago attorney. On December 29, 1986, Sherwood assigned its 100% beneficial interest in the Land Trust to the newly-created debtor. On October 8, 1987, twenty-one days prior to the continued foreclosure sale of the property, a deed was recorded in the public records of Dade County, Florida conveying legal title to the property, without consideration, from the Land Trustee to the debtor. Nineteen days later, on October 27, 1987, the debtor filed its voluntary petition in this Court. Not only did the debtor fail to intervene in Weiss' state court foreclosure action, but Weiss did not receive notice of the December, 1986 transfer of Sherwood's beneficial interest in the Land Trust to the debtor until after the debtor filed its bankruptcy petition. Similarly, the Land Trustee's transfer of legal title to the property to the debtor in October of 1987 was concealed from Weiss.

The property was originally acquired as an investment vehicle for the Sherwood partners. Although the property was zoned and dedicated for condominium use, Sherwood never implemented its original investment plan of developing, promoting and selling the units as condominiums due to the depressed condominium market in south Florida. Instead, the units were rented as apartments from October of 1982 to the present.

Sherwood's income tax returns for 1983, 1984, and 1985, and the debtor's income tax return for 1986 reflect that the property has never generated enough income to pay its operating expenses plus the debt service on Weiss' mortgage. As of December 31, 1986 the capital accounts of the debtor's partners stood at a negative $1,063,737.00. The Sherwood partners unsuccessfully sought refinancing to satisfy the debt to Weiss on at least three occasions between May, 1984 and September, 1987.

During the entire period in which the Land Trustee held legal title to the property, the Land Trustee's role was essentially passive, spending only a few hours per year performing his duties. The Land Trust never conducted an ongoing business separate from the preservation of the trust property. Additionally, the Land Trust never: filed tax returns, applied for a Dade County occupational license as a "business", maintained bank accounts, issued financial or operating statements to the beneficiaries of the Trust, maintained independent business records, derived income from the project, wrote a single check, nor developed a budget.

Legal title to the property was transferred from the Land Trustee to the debtor when the Land Trustee relocated his business office and was unavailable to perform his duties. Additionally, the title was transferred because the lenders to which the Land Trust had applied for financing

were reluctant to lend funds to a land trust.

As of the date of the hearing on Weiss' motion, the amount due Weiss pursuant to the foreclosure judgment was $4,324,-675.07. Weiss' expert witness, a real property appraiser, presented his opinion that the current fair market value of the property is $3,400,000.00. This value is $924,-675.00 less than the amount of Weiss' debt established by the foreclosure judgment. The expert further testified that due to present market conditions it is unlikely that the project can be profitably sold in bulk or individually as condominiums in the near future or that the rental income derived from the property will increase in the near future to a level necessary to satisfy the property's expenses and Weiss' debt.

Not only is the property the debtor's sole asset, but the debtor's schedules reflect that, other than the debt to Weiss, the debtor has only seventeen unsecured creditors holding total claims of approximately $9,000.00. All of the debtor's unsecured obligations were current at the time of the filing of the petition with the exception of one disputed claim.

This Court finds that the debtor's petition was not filed in good faith, and that the case should be dismissed on any one of several grounds established by the decisions of the Eleventh Circuit Court of Appeals and this Court. 11 U.S.C. § 1112(b) provides that a bankruptcy court may dismiss a case for "cause". The Eleventh Circuit has held in *In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (1984) that:

> [T]he determination of cause under § 1112(b) is "subject to judicial discretion under the circumstances of each case...." The equitable nature of this determination supports the construction that a debtor's lack of "good faith" may constitute cause for dismissal of a petition.... Particularly where there is no realistic possibility of an effective reorganization and it is evident that the debtor seeks merely to delay or frustrate the legitimate efforts of secured creditors to enforce their rights, dismissal of the petition for lack of good faith is appropriate.

That the debtor acquired legal title to the property only after Weiss obtained its foreclosure judgment and agreed to postpone the foreclosure sale leads the Court to conclude that the debtor's bankruptcy petition was filed with the intent to frustrate Weiss' legitimate efforts to enforce its rights under its mortgage and judgment. The concealment from Weiss of the conveyance of legal title to the debtor further supports this conclusion. Additionally, the debtor's failure, due to market conditions, to implement its investment plan of selling the units as condominiums, its failure to obtain refinancing, and its inability to generate sufficient operating income to pay its debt service compels the Court to conclude that the debtor has no realistic chance of successfully reorganizing. Under such circumstances, the Court finds that the petition should be dismissed pursuant to 11 U.S.C. § 1112 under the standards set forth in *In re Albany Partners*.

The debtor's bankruptcy case involves a single asset and is essentially a two party dispute between the debtor and Weiss. This Court has previously stated that "[w]here a debtor's reorganization effort involves essentially a two-party dispute which can be resolved outside the bankruptcy court's jurisdiction, and the purpose of the filing is to frustrate a creditor's sale, it has been held that the petition was not filed in good faith." *In re Mildevco*, 40 B.R. 191, 193 (Bkrtcy.S.D.Fla.1984). The nominal amount of the unsecured debt in comparison to the amount of Weiss' foreclosure judgment further supports the Court's conclusion that this case was not filed in good faith. *In re Mildevco*, 40 B.R. at 193.

The Court also finds that the transfer of legal title to the property from the Land Trustee to the debtor twenty-one days prior to the continued foreclosure sale constitutes additional grounds for dismissal pursuant to 11 U.S.C. § 1112. In *In re Lotus Investments, Inc.*, 16 B.R. 592, 595 (Bkrtcy.S.D.Fla.1981), this Court ruled that "the transfer of assets from an entity ineligible for bankruptcy relief to an eligible entity is grounds for dismissal of a reorga-

nization case for lack of 'good faith', particularly if the transfer occurred shortly before a foreclosure sale or if there is no legitimate business purpose for the transfer."

Since the Land Trust was not an ongoing business separate from the conservation of the trust property, the Land Trust, from which legal title was transferred, was not an entity eligible to be a debtor. *In re Cohen,* 4 B.R. 201, 204 (Bkrtcy.S.D.Fla. 1980). Furthermore, the debtor asserted that the business reason for the transfer of the property to the debtor was the fact that the Land Trustee had relocated his office and became unavailable to perform his duties. However, the Land Trustee stated that he became unavailable in September of 1986, more than one year before the transfer occurred, and the debtor offered no explanation as to why the transfer occurred nineteen days prior to the filing of the debtor's petition. Moreover, it should not have been difficult to secure a successor land trustee in a city as large as Miami when only a few hours per year was required to perform the Land Trustee's duties.

The debtor also asserts that the title was transferred to the debtor because lenders to which the Land Trust had applied for refinancing had expressed a reluctance to lend funds to a land trust. However, none of the documentary evidence relating to the refinancing efforts substantiates the debtor's assertion and no other evidence was offered to support its assertion. In view of the above findings and conclusions, it is hereby

ORDERED AND ADJUDGED that Weiss' motion to dismiss the debtor's bankruptcy case is hereby granted and the above-styled bankruptcy case be and the same is hereby dismissed with prejudice against the debtor from filing another case seeking relief under any chapter of the Bankruptcy Code for a period of one year from the date of this Order. It is further

ORDERED AND ADJUDGED that Weiss may conclude the foreclosure proceedings pending in the Eleventh Judicial Circuit in and for Dade County, Florida

under Case No. 86–49021 including, without limitation, the issuance of the certificate of title to the property to Weiss.