**In re VAN OWEN CAR WASH, INC., Debtor.**

**Bankruptcy No. LA 87–02998–JNB.**

United States Bankruptcy Court, C.D. California.

Feb. 25, 1988.

John Walker, Glendale, Cal., for debtor.

Anthony Sgherzi, Office of U.S. Trustee, Los Angeles, Cal., United States Trustee.

## MEMORANDUM OPINION

JAMES E. YACOS, Bankruptcy Judge.

This chapter 11 case is presently before the court upon the Motion For Dismissal, Dismissal With 180 Day Prohibition Against Refiling, Or Conversion Of Chapter 11 Case To Chapter 7, filed by the United States Trustee for the Central District of California, and the Opposition thereto, filed by the debtor-in-possession, Van Owen Car Wash, Inc. The United States Trustee requests dismissal pursuant to 11 U.S.C. § 1112(b) and Local Bankruptcy Rule 912 of the United States Bankruptcy Court for the Central District of California, on the grounds that the debtor has failed to comply with reporting requirements and that, upon the facts of this case, the debtor's use of the chapter 11 filing was improper and constitutes "cause" for dismissal or conversion of this case.

## PARTIES AND FACTS INVOLVED AND PROCEDURAL CONTEXT

The business known as Van Owen Car Wash, Inc. was purchased in September of 1982 by Mahmood Khabushani. Immediately thereafter Mahmood Khabushani orally formed a general partnership with Masis Ghevondian and Khosrow Golnaraghi. On December 2, 1982 Mssrs. Khabushani, Ghevondian, and Golnaraghi incorporated the business under the name of Van Owen Car Wash, Inc. (hereinafter referred to as Van Owen). The corporation was sold on May 1, 1985 to Mssrs. Ghevondian and Golnaraghi, who then sold and assigned their rights to another corporation, Reseda Van Owen Car Wash, Inc., of

which Mssrs. Ghevondian and Golnaraghi are the sole principals.

The purchase agreement between Van Owen and Mssrs. Ghevondian and Golnaraghi provided in pertinent part that Mssrs. Ghevondian and Golnaraghi would pay $199,000.00 for Van Owen; they would pay $70,000.00 of the purchase price in cash and they would assume and pay the liabilities of Van Owen up to the amount of $129,000.00, for the total purchase price of $199,000.00. The purchase agreement further provided the priority in which Mssrs. Ghevondian and Golnaraghi would pay Van Owen's liabilities. The names of Van Owen's creditors and the amounts owed to each were prioritized in the purchase agreement as follows:

(1) Rice Enterprise, current principal related to the sale of equipment in the amount of $70,000.00 to be paid in the amount of $1,250.00 per month, arrears and unpaid invoices in the amount of $18,000.00;

(2) The Department of Water and Power, $9,500.00; and

(3) The remaining balance of the $129,000.00 [$31,500.00] to be paid to the following creditors in the following priority, until such remaining balance is exhausted: IRS Payroll Tax Lien, EDD Payroll Tax Lien, Los Angeles County Property Tax Lien, IRS Payroll Taxes Due, EDD Payroll Taxes Due, Los Angeles County Property Tax Due, Lease Amounts Due, Utilities Amounts Due (including Telephone, Gas, and Disposal), Alarm System Payments Due, and Amounts Due to H.N.Y. Distributors, Inc.

Essentially, Mahmood Khabushani, as President of Van Owen, transferred all assets and liabilities of the corporation for $70,000.00 on *May 1, 1985*. Consequently, at the time that the petition for this bankruptcy case was filed, on *February 18, 1987*, the debtor-in-possession corporation, Van Owen, had not been operating the business for twenty-one months, it had no tangible assets, it had no payroll, and it had no employees. The debtor-in-possession does not have control or title to the car wash. The sole asset of this estate is a lawsuit against Mr. Khabushani's previous business associates for breach of contract, fraud, and recission and restitution.[1]

The aforementioned causes of action are the subject of an adversary complaint filed in this chapter 11 case, i.e., *Van Owen Car Wash, Inc. vs. Masis Ghevondian and Khosrow Golnaraghi, Reseda Van Owen Car Wash, Inc.*, ADV # LA 87–0923–JB (filed May 15, 1987). The basis for the above-referenced adversary proceeding is that the creditors of Van Owen, including the Internal Revenue Service (IRS), were not paid by Mssrs. Ghevondian and Golnaraghi and the IRS has threatened collection action against former corporate principals including Mr. Khabushani.

On March 23, 1987 the debtor-in-possession, through its counsel, Attorney John P. Walker, attended the creditor's hearing and discussed the status and purpose of this bankruptcy case with the Bankruptcy Analyst, Sam Lor. The Bankruptcy Analyst was informed that there were no assets of the estate, that the business had not been operated since May 1985, and that there is no physical inventory. The Bankruptcy Analyst was further informed that there is no schedule of current income and current expenditures, that it is not possible to file a projected operating statement because "the debtor is not in business at this time", that Van Owen has not opened a debtor-in-possession bank account because it is not handling any funds whatsoever, and that Van Owen has not prepared monthly operating reports nor interim statements dealing with cash receipts and disbursements since filing because it is not operating and essentially has no financial information existing outside of its claims set forth in the Adversary Complaint. *See Declaration of John P. Walker*, dated June 5, 1987, ¶s 13, 15, 16, 17, 18, and 19.

---

**1.** While technically under §§ 1101(1) and 1107 of the Bankruptcy Code the debtor herein is automatically a "debtor-in-possession" in the absence of the appointment of a trustee, and will be so referred to in this opinion, it should be noted that *this* chapter 11 debtor is "in possession" of nothing but a lawsuit.

Counsel for the debtor-in-possession further stated that "To require that the Debtor pursue [a] matter such as this in a State Court would be devastating to it's [sic] creditors in that the Debtor would not be able to obtain an adjudication of the.... RESEDA VAN OWENS' obligation to pay these debts for many years...." *Declaration of John P. Walker* at ¶ 20. It is apparent that the primary purpose of filing this bankruptcy case was to attain more expeditious treatment of state law claims by the bankruptcy court than might be available in the state court system.

The debtor-in-possession scheduled the following twelve creditors in this bankruptcy case:

Internal Revenue Service
Employment Development Department
County of Los Angeles Department of Treasurer & Tax Collector
Rice Enterprises
H.N.Y. Distributors, Inc.
Central Bank
Khosrow Golnaraghi
Masis Ghavondian
Ezatollah Majless
Djahanbakhsh Zamiad
Internal Systems
Emilio Ramierez, Worker's Compensation Appeals Board

A comparison of the above-listed creditors to the creditors referred to in the purchase agreement between Van Owen and Mssrs. Ghevondian and Golnaraghi makes it obvious that most, if not all, of the scheduled creditors are either parties to the adversary proceeding or entities involved therein.

## FINDINGS OF FACT AND RULINGS OF LAW

The court finds that this bankruptcy case is essentially a two-party civil lawsuit involving state law that was brought before a federal Bankruptcy Court, under the guise of being a reorganization of some sort under chapter 11, in order to avoid the delays in the state court system. More to the point, the hearing before me on the dismissal motion establishes that the real motivation for the Chapter 11 filing was the fear of the corporate insiders that the IRS would successfully move against them on their *individual liability* for unpaid withholding taxes of Van Owen Car Wash, Inc., under 26 U.S.C. § 6672, before they could get a state court lawsuit against the purchasers to trial and judgment forcing the purchasers to provide the funds to relieve the former corporate insiders of their personal liability. I do not find it credible that this Chapter 11 would have been filed in the absence of an imminent IRS collection effort in that regard. Chapter 11 of the federal Bankruptcy Code was not enacted for the benefit of corporate insiders. *Cf. In re O.H. Lewis, Co., Inc.,* 40 B.R. 531 (Bankr.D.N.H.1984); *Matter of Supermercado Gamboa, Inc.,* 68 B.R. 230 (Bankr.D.P.R.1986).

The court further finds that this bankruptcy case and the adversary proceeding filed therein are an abuse of the Bankruptcy Code and process of the court, and that the filing of the petition in this case constitutes a lack of good faith. The bankruptcy court "was not intended as an alternate forum for private disputes that only involve[ ] the disputants for which there [is] a well established albeit less expeditious forum." *In re Harvey Probber, Inc,* 44 B.R. 647, 650 (Bankr.Mass.1984), *citing In re Nancant, Inc.,* 8 B.R. 1005 (Bankr.Mass.1981).

"Although 'good faith' is required for confirmation of a reorganization plan ... Chapter 11 does not expressly condition the right to file or maintain a proceeding on the 'good faith' of the debtor at the time the proceeding is initiated." *In re Albany Partners, Ltd.,* 749 F.2d 670, 674 (11th Cir.1984). However, the Bankruptcy Code provides that the court may dismiss a case under chapter 11 "for cause." 11 U.S.C. § 1112(b). Section 1112(b) lists ten bases that constitute cause for dismissal, however the list is not exhaustive. H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 405–06 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5903; S.Rep. No. 95–989, 95th Cong., 2d Sess. 117–18 (1978), *reprinted in* 1978 U.S.Code Cong. & Admin.News 6362; 11 U.S.C. § 102(3).

The legislative history of § 1112(b) indicates Congress' intent that the bankruptcy court retain broad equitable powers to dismiss petitions; "[t]he court will be able to consider other factors as they arise, and to use its equitable powers to reach an appropriate result in individual cases." *Id.* Based upon a thorough analysis of the "good faith" issue as it has been embodied in or inferred from bankruptcy statutes since 1898, Judge Ordin concluded, and this court agrees, that " 'good faith' must ... be viewed as an implicit prerequisite to the filing or continuation of a proceeding under Chapter 11 of the Code." *In re Victory Const. Co., Inc.,* 9 B.R. 549, 558 (Bankr.C. D.Cal.1981). "In finding a lack of good faith, courts have emphasized an intent to abuse the judicial process and the purposes of the reorganization provisions. Particularly when there is no realistic possibility of an effective reorganization and it is evident that the debtor seeks merely to delay or frustrate the legitimate efforts of secured creditors to enforce their rights, dismissal of the petition for lack of good faith is appropriate." *In re Albany Partners, Ltd., supra,* at 674 (citations omitted). "Factors relevant in examining whether a Chapter 11 petition has been filed in good faith include whether the debtor had any assets, whether the debtor had an ongoing business to reorganize, and whether there was a reasonable probability of a plan being proposed and confirmed." *Matter of Golden Ocala Partnership,* 50 B.R. 552, 557–58 (Bankr.M.D.Fla.1985) (citations omitted).

"[The court has] power to dismiss a petition for judicial reasons, such as bad faith, frivolity, or lack of jurisdiction.... This judicial power in bankruptcy judges is analogous to the broad, inherent power of district court judges to dismiss collusive, sham, and frivolous suits, and needs no statutory basis." *In re Moog,* 46 B.R. 466, 468 (N.D.Ga.), *rev'd on other grounds,* 774 F.2d 1073 (11th Cir.1985), 53 B.R. [63], *citing Jefferson Fourteenth Associates v. Wometco de Puerto Rico, Inc.,* 695 F.2d 524, 526 (11th Cir.1983); *see also In re O'Loughlin,* 40 B.R. 707, 709 (Bankr.D. Mass.1984) ("bad faith in filing a Chapter 11 petition may provide cause to dismiss a petition pursuant to § 1112(b)."); *In re Kors, Inc.,* 13 B.R. 676, 680 (Bankr.Vt. 1981), *citing In re Tolco Properties, Inc.,* 6 B.R. 482 (Bankr.E.D.Va.1980). ("A debtor's lack of good faith constitutes cause for dismissal of the debtor's Chapter 11 case within the meaning of § 1112(b) of the Code.")

Pursuant to 11 U.S.C. § 1112(b) and the legislative history thereunder, as well as the court's equitable powers under section 105(a) of the Bankruptcy Code, the court finds that the lack of good faith in this case constitutes "cause" for dismissal of this bankruptcy case, and further constitutes an "abuse of process" under § 105(a) of the Code equally justifying dismissal. Accordingly, the United States Trustee's Motion For Dismissal is hereby granted and this bankruptcy case and all proceedings pending herein are dismissed.