**In re PANACHE DEVELOPMENT COMPANY, INC., Debtor.**

**Bankruptcy No. 90–27965–BKC–SMW.**

United States Bankruptcy Court,
S.D. Florida,
Broward Division.

Feb. 8, 1991.

Charles Cohen, Boca Raton, Fla., for debtor.

Raymond Ray, Fort Lauderdale, Fla., for creditor.

## ORDER DISMISSING CHAPTER 11 PETITION

SIDNEY M. WEAVER, Chief Judge.

THIS MATTER came before the Court for hearing on January 2, 1991 on the Motion to Dismiss the Petition of Panache Development Company, Inc., ("Debtor") filed by RLS Ventures, Inc. ("RLS"), and after proper notice and hearing, the Court having observed the candor and demeanor of the witnesses, examined the exhibits placed into evidence, having heard the arguments of counsel and being otherwise fully advised in the premises, the Court finds as follows:

### FINDINGS OF FACT

1. Debtor filed its Voluntary Petition under Chapter 11 of Title 11, United States Code on October 30, 1990 (the "Petition").

2. The Court has jurisdiction of this matter as a core proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

3. RLS is a creditor of the Debtor by reason of RLS' option (the "RLS Option") to purchase an undeveloped ocean front tract (the "Ocean Front Property") owned by Debtor. The Ocean Front Property is valued at $1,500,000.00 but is subject to an $800,000.00 mortgage.

4. RLS, creditor and holder of the RLS Option, is a party in interest and has standing to bring the Motion to Dismiss. 11 U.S.C. § 1112(b); *See In re Waldron*, 785 F.2d 936 (11th Cir.1986), *cert dismissed sub nom., Waldron v. Shell Oil Company*, 478 U.S. 1028, 106 S.Ct. 3343, 92 L.Ed.2d 763 (1986).

5. Debtor's Petition and related schedules set forth its assets as follows: (a) the Ocean Front Property valued at $1,500,-000.00 but subject to an $800,000.00 first mortgage and the RLS Option; (b) three boat slips valued at $189,000.00 but subject to mortgages totalling $205,000.00 (two of the boat slips are also subject to the RLS Option); (c) a $350,000.00 unrecorded sec-

ond mortgage which encumbers property valued at $460,000.00 and is inferior to an $800,000.00 first mortgage; (d) a $600,-000.00 second mortgage which has been assigned as collateral for a $1,370,000.00 loan and which is inferior to a $6,000,000.00 first mortgage; (e) a contingent claim against RLS for $1,370,000.00; and (f) a bank account containing $100.00.

6. Debtor's schedules set forth eleven unsecured creditors with claims totalling $391,618.14. However, three of the claims (totalling $359,150.00) are held by insiders. Three of the claims (totalling $18,100.00) are personal obligations of Marcus Van Winkle ("Van Winkle"), the Debtor's president and sole shareholder. Three of the remaining claims (totalling $13,766.00) are held by attorneys who apparently provided advice to the corporation separate and apart from the four sets of attorneys who provided bankruptcy advice. The only other unsecured claims are (i) a $602.14 claim for waste collection; and (ii) an unliquidated claim arising from a lawsuit alleging real estate fraud against Debtor.

7. Debtor may also owe a yet undetermined amount to the Internal Revenue Service.

8. Debtor does not maintain an office and has no employees, with the possible exception of Van Winkle and his wife. No employment contracts exist and no salaries have been paid.

9. Debtor admits that its financial problems are essentially a function of Debtor's dispute with RLS. This dispute is grounded entirely an interpretation of state usury law and was to be the subject of an anticipated state court action.

10. Within sixteen days of the date the Debtor's Petition was filed, Debtor filed an adversary complaint to avoid the RLS Option and a $1,370,000.00 promissory note in favor of RLS on the ground that the transactions violated Florida's usury law.

11. Within seventeen days of the date Debtor's Petition was filed, Debtor requested that the Court authorize the sale of the Ocean Front Property and boat slips, the Debtor's principal assets, to a third party free and clear of the RLS Option pursuant to Bankruptcy Code § 363(f). Accordingly, there was no true reorganization of the Debtor's business contemplated.

12. Debtor's schedules reflect that it is "a developer of expensive homes". However, the testimony at trial established that Debtor has yet to develop or sell a single home and has no construction work in progress. The record further reflects that the Debtor has little or no sources of income.

13. Debtor's Petition and the related schedules failed to disclose the following transactions: (a) an alleged transfer of $700,000.00 in assets less than three (3) weeks before the Petition was filed in exchange for the cancellation of a $500,000.00 debt and an interest in one-half of the proceeds from resale; (b) the reduction of an unsecured debt payable to RDI Marketing and Development, Inc. from $215,-000.00 to $55,000.00; and (d) the assignment of the $600,000.00 second mortgage to RLS. Further several personal obligations of Debtor's president and sole shareholder were erroneously set forth on the Debtor's schedules as corporate obligations.

14. Van Winkle, president and sole shareholder of the Debtor, has been an officer or director of many other Florida corporations. A majority of these corporations have been dissolved, and presumably, no longer function as ongoing business entities.

## CONCLUSIONS OF LAW

The foregoing Findings of Fact, to the extent they constitute conclusions of law, are hereby incorporated by reference and denominated Conclusions of Law. To the extent that these Conclusions of Law constitute findings of fact, they are hereby incorporated and denominated Findings of Fact.

1. A case under Chapter 11 may be dismissed for "cause", including "bad faith" on the part of the Debtor in filing the Chapter 11 Petition. "[T]here is no particular test for determining whether a Debtor has filed a Petition in bad faith.

Instead, Courts may consider any factors which evidence an intent to abuse the judicial process and the purposes of the reorganization provisions or, in particular, factors which evidence that the Petition was filed to delay or frustrate the legitimate efforts of secured creditors to enforce their rights." *In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393, 1394 (11th Cir.1988), citing *In re Albany Partners, Ltd.*, 749 F.2d 670, 674 (11th Cir.1984).

2. Many of the circumstantial factors which the courts have identified as evidence of a bad faith filing are present in this case and they are as follows:

A. Debtor is essentially a single asset entity. The Ocean Front Property and the boat slips are marketed together. All other assets are intangibles that have little or no equity.

B. Debtor has few bona fide unsecured creditors, the aggregate claims of which are small in relation to the claims of the secured creditors.

C. Debtor has few, if any, employees.

D. Debtor's single asset is the subject of an anticipated state court action.

E. Debtor's financial problems involve essentially a dispute with RLS which can be resolved in the anticipated state court action.

F. The timing of Debtor's filing is evidence of an intent to delay or frustrate the legitimate efforts of RLS to exercise their Option. *See Piccadilly*, 849 F.2d at 1394.

3. Bankruptcy Code Section 1112(b) permits dismissal of a case under Chapter 11 if the debtor does not have the ability to reorganize. The Debtor in this instance has no business operations to reorganize. Debtor has no employees other than Van Winkle and possibly his wife. Debtor has not undertaken any construction projects, and therefore, has no income from operations. Further, Debtor has very few unsecured creditors. *See In re The Institute of Business and Professional Education, Inc.*, 79 B.R. 948 (S.D.Fla.1987).

4. The Debtor filed its Petition in order to prevent RLS from exercising their Option. In the absence of any real possibility for reorganization, the Debtor's motives are a specific abuse of the Bankruptcy Court system.

5. As previously stated by this Court, where a debtor's reorganization effort involves essentially a two-party dispute which can be resolved outside the bankruptcy court's jurisdiction, and the purpose of the filing is to frustrate a creditor's sale, the Petition is not filed in good faith. The nominal amount of unsecured debt in this case, compared to the amount of RLS' claim, further supports this conclusion. *See In re Forest Activities, Ltd.*, 81 B.R. 720 (Bankr.S.D.Fla.1988). The bankruptcy laws were simply not intended to be used as a sword by the rapacious. *In re Waldron*, 785 F.2d at 940.

6. The bankruptcy court "was not intended as an alternate forum for private disputes that only involve ... disputants for which there [is] a well established albeit less expeditious forum." *In re Harvey Probber, Inc.*, 44 B.R. 647, 650 (Bankr. Mass.1984), *citing In re Nancant, Inc.*, 8 B.R. 1005 (Bankr.Mass.1981). Debtor's adversary complaint raises state law issues which should be resolved in state court. Accordingly, this bankruptcy case and the adversary proceeding filed therein are an abuse of the Bankruptcy Code and process of the court. *In re Van Owen Car Wash, Inc.*, 82 B.R. 671, 673 (Bankr.C.D.Cal.1988); *See also In re Schlangen*, 91 B.R. 834, 837–38 (Bankr.N.D.Ill.1988).

7. The misstatements and omissions in Debtors schedules are additional evidence of Debtor's bad faith and constitute "cause" for dismissal. *Cf., In re Sofro*, 110 B.R. 989 (Bankr.S.D.Fla.1990).

Accordingly it is hereby

ORDERED AND ADJUDGED that the Motion to Dismiss the Chapter 11 proceeding filed by RLS Ventures, Inc. is hereby granted and the above-styled case is hereby dismissed with prejudice against the Debtor filing another case seeking relief under any Chapter of the Bankruptcy Code for a

period of one year from the date of this Order.

DONE AND ORDERED.