In re David T. **PLUMMER** and Merline M. Plummer, his wife d/b/a Cypress Landing, Debtors.

Bankruptcy No. 89–1779–BKC–3P1.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

April 16, 1990.

Sidney E. Lewis, Jacksonville, Fla., for movants.

Richard C. Stoddard, Jacksonville, Fla., for debtors.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon a motion to dismiss filed by Melvin R. Mann, Robert Walters, and Clara Walters ("Movants"). An evidentiary hearing was held on February 20, 1990, and upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

The debtors filed a petition seeking relief under Chapter 11 of the Bankruptcy Code on June 23, 1989.

The movants hold mortgages on debtors' real estate in Duval County and St. Johns County, Florida. The Duval County property is improved by a recording studio known as Cypress Recording Studios, Inc. The principal stockholder of the corporation is the debtor, Merline M. Plummer, and the debtor, David T. Plummer, is the sole employee of the corporation. The St. Johns County real estate consists of seven unimproved lots.

The mortgage indebtedness was due on January 1, 1989, and was accelerated by the movants when they brought a foreclosure action in the Duval County Circuit Court. A final judgment of foreclosure was entered on June 2, 1989, finding a balance due of $361,838.64. The foreclosure sale was scheduled for June 26, 1989.

The debtors filed their petition June 23, 1989, thus staying the scheduled sale.

As of the petition date the debtors owned no interest in any real property other than that encumbered by the movants.

The debtors' schedules reflect that they have nine creditors; six of whom are unsecured with claims totalling $3,125.38; two secured creditors with claims totalling $5,062.58; and the movants with a secured claim in the amount of $361,838.64.

## CONCLUSIONS OF LAW

■ A case under Chapter 11 may be dismissed for cause pursuant to § 1112 of the Bankruptcy Code if the petition was not filed in good faith. *In re Albany Partners, Ltd.,* 749 F.2d 670 (11th Cir.1984).

In considering whether or not a voluntary petition has been filed in good faith,

... the issue is whether the debtor's invocation of the protection afforded by Chapter 11 is for reasons consistent with the congressional intent of rehabilitating and reorganizing businesses or whether it filed for the purpose of delaying and frustrating (a creditor) from proceeding with foreclosure sale and realizing on his collateral. The burden of proof is on the debtor on all issues except the issue of the debtor's equity in the property.

*In re Sar–Manco, Inc.,* 70 B.R. 132, 139 (Bankr.M.D.Fla.1986).

With respect to determining bad faith in the filing of a petition the Eleventh Circuit Court of Appeals has stated:

... there is no particular test for determining whether a debtor has filed a petition in bad faith. Instead, the courts may consider any factors which evidence an intent to abuse the judicial process and the purposes of the reorganization provisions or, in particular, factors which evidence that the petition was filed to delay or frustrate the legitimate efforts of secured creditors to enforce their rights.

*In re Phoenix–Piccadilly, Ltd.,* 849 F.2d 1393, 1194 (11th Cir.1988); *In re Albany Partners, Ltd.,* 749 F.2d 670, 674 (11th Cir.1984); *In re Natural Land Corp.,* 825 F.2d 296, 298 (11th Cir.1987).

■ Thus, the Court's evaluation of the debtor's motive in filing its petition is central to the determination of good faith. *In re Little Creek Development Co.,* 779 F.2d 1068, 1072 (5th Cir.1986).

■ The Eleventh Circuit then enumerated many of the circumstantial factors

which have been identified by courts as evidencing bad faith filings, all of which are present in this case:

(i) The debtor has only one asset, the Property ...

(ii) The debtor has few unsecured creditors whose claims are small in relation to the claims of the Secured Creditors;

(iii) The debtor has few employees;

(iv) The Property is the subject of a foreclosure action as a result of arrearages on debt;

(v) The debtor's financial problems involve essentially a dispute between the debtor and secured creditors which can be resolved in the pending State Court action; and

(vi) The timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights.

*In re Phoenix Piccadilly, Ltd.* at 1395.

The factors listed above, and factors in other bad faith cases, generally fall within three basic categories:

(1) Whether the debtor is actually an operational business enterprise which employs persons in the community and has ongoing business operations that may be rehabilitated or reorganized consistent with the congressional intent and protection afforded by Chapter 11;

(2) Whether the debtor has filed a petition for reorganization on the eve of foreclosure or similar judicial action and bankruptcy offers the only means of forestalling loss of the debtor's business; and

(3) Whether the debtor has realistic probability of a successful reorganization.

*In re RAD Properties, Inc.,* 84 B.R. 827, 830 (Bankr.M.D.Fla.1988).

In addition to constituting bad faith under the factors discussed in *Phoenix–Piccadilly,* the facts of this case clearly evidence bad faith in view of these three general categories.

The debtors of this case are not operating a business enterprise that may be rehabilitated or reorganized consistent with the congressional intent and protection afford-

ed by Chapter 11. In this case there is little unsecured debt and compared to the secured debt it is insignificant. Of paramount significance is that this is a two-party dispute. The issues should be resolved in the non-bankruptcy forum.

Although the debtors assert that substantial equity exists in the property, *In re Phoenix–Piccadilly* teaches that the existence of equity in the property, even if coupled with the prospects of a successful reorganization (which does not reasonably exist here), cannot transform a bad faith filing into one undertaken in good faith.

The bankruptcy courts have the principal responsibility to enforce the requirement of good faith in order to protect their institutional integrity, to preserve their public esteem and to accomplish equity in specific cases.

The requirement of good faith prevents abuse of the bankruptcy process by debtors whose overriding motive is to delay creditors without benefitting them in any way or to achieve reprehensible purposes. Moreover, a good faith standard protects the jurisdictional integrity of the bankruptcy courts by rendering their powerful equitable weapons ... available only to those debtors and creditors with 'clean hands.'

*In re Little Creek Development Corporation,* 779 F.2d 1068, 1072 (5th Cir.1986).

By analyzing the specific facts of this case in view of the factors outlined in *In re Phoenix–Piccadilly,* or by considering the three categories into which these facts usually fall, this Court must conclude that the debtors' petition was filed in bad faith. This constitutes cause within the meaning of § 1112 of the Bankruptcy Code for dismissing this case.

The Court will by enter a separate order dismissing the case.