**In re NESENKEAG, INC., Debtor.**

**Bankruptcy No. 91–1213.**

United States Bankruptcy Court,
D. New Hampshire.

Aug. 16, 1991.

Arthur O. Gormley, Jr., Gormley, Mayer & Gormley, Nashua, N.H., for debtor.

J. Michael Deasy, Nashua, N.H., for Nashua Trust Co.

## MEMORANDUM OPINION

JAMES E. YACOS, Bankruptcy Judge.

This case came before this Court on a motion to dismiss this chapter 11 proceeding filed by Nashua Trust Company—the secured creditor of the debtor corporation. This motion was heard on June 24, 1991, and was limited to the sole question as to whether this chapter 11 proceeding could be dismissed for cause as being a bad faith filing under the contention that the case involved simply a two-party dispute between the mortgagee and the debtor-borrower which is not within the contemplation of the intended relief under chapter 11 of the Bankruptcy Code. By order dated July 19, 1991, I dismissed the case. Today I write an opinion explaining my reasoning.

The debtor real estate company filed one day before a scheduled foreclosure sale. The debtor has no employees, and has only a few real estate assets. The debtor is unable to make loan and tax payments and primarily seeks additional time to sell key assets.

After reviewing the record, I agree that the matter does involve simply a dispute between the debtor corporation and the mortgagee bank without the involvement of any creditor constituencies normally involved in a chapter 11 reorganization. More accurately, I should say that the dispute here is between the equity holders of the debtor, i.e., the Ducharmes who own the stock of the debtor corporation, and the mortgagee bank in that the equity holders of this debtor corporation seek to salvage what they believe to be a substantial equity approaching one-half million dollars in the properties held by the debtor corporation. I reach this conclusion notwithstanding the one small unsecured claim of $7,000.00 scheduled by the debtor in its chapter 11 filing. I believe that claim to be de minimis in the context of $3,000,000 in secured debt and in any event a creditor that obviously would be covered by the Ducharmes out of their own assets if necessary to protect their asserted substantial equity position.

This Court has ruled before that "two-party law suits" which are simply brought across the street from the state court to this court under the guise of a "chapter 11 reorganization" may be dismissed for cause under the bad faith filing rubric under the applicable case law. Bad faith filing in this context does not itself mean bad mind or malicious activity, or even fraudulent activity, but simply the causing of a reorganization proceeding to be filed that does not fit within the intended scope of chapter 11 relief as that chapter enacted by Congress. *See In re Van Owen Car Wash, Inc.*, 82 B.R. 671 (Bankr.C.D.Cal.1988) (Yacos, J., sitting by designation).

This Court in taking that position has followed the lead of the First Circuit Court of Appeals in *In re Coastal Cable T.V.*, 709 F.2d 762 (1st Cir.1983) and has explained the rationale in its view to some extent in the recent decision in *In re Sirius Systems, Inc.*, 112 B.R. 50 (Bankr.D.N.H.1990).

There are many cases outside this jurisdiction as well supporting the proposition that a two-party dispute is dismissable under the facts of this case. In *In re Walter*, 108 B.R. 244 (Bankr.C.D.Cal.1989), for example, the court dismissed a bankruptcy petition filed by a debtor whose single-asset real estate was subject to the claim of its sole secured creditor who was attempting to foreclose. The debtors, who had de minimus unsecured debt and no employees, had failed to work out a satisfactory workout with the creditor and tried to oppose the foreclosure through litigation in state court. When that failed the debtors tried to stop the foreclosure in bankruptcy court by use of the automatic stay. The court dismissed this as being filed in bad faith.

The *Walter* court heavily relied on the case of *In re Schlangen*, 91 B.R. 834 (Bankr.W.D.Ill.1988). In that case, the debtors first opposed foreclosure in state court, then moved its efforts into the bankruptcy court by filing a petition and bring-

ing an adversary proceeding. The Court remarked:

> It is clear that the Debtor sought to confer federal jurisdiction on its lawsuit against Horizon and to invoke the automatic stay when she filed her Chapter 11 petition. These two uses of the bankruptcy process would not compel dismissal of the case for bad faith if the Debtor had other legitimate purposes for her filing. The most obvious legitimate purpose would be the reorganization of the Debtor's real estate business. But the facts do not support the Debtor's claim that she is attempting to reorganize an ongoing business.
>
> \*     \*     \*     \*     \*     \*
>
> Since 1981, the Debtor's business activities have been sparse and she has no substantial unsecured creditors. *The Chapter 11 petition was filed in July 1986 to confer federal jurisdiction of what is otherwise a two-party dispute* involving state law issues and to invoke the benefits of the automatic stay to protect her real estate interests.... There is no likelihood that this case will result in the rehabilitation of the Debtor's business or the orderly liquidation of her remaining assets. The only present purpose being served by this case is to provide a basis for federal jurisdiction over the Horizon lawsuit. Absent some legitimate reorganization objective achievable in a Chapter 11 case (which might include the orderly liquidation of assets), Chapter 11 cannot be used merely to provide a federal forum for lawsuit.

*Id.* at 838–39 (emphasis added).[1]

Another case not involving litigation that was dismissed for being a two-party dispute resolvable in another forum is *In re Plummer*, 115 B.R. 371 (Bankr.M.D.Fla. 1990). That case similarly involved de minimus unsecured debt and foreclosure judgments by its sole secured creditor prior to filing for bankruptcy.

Yet another case is *In re Lindbergh Plaza Assoc.*, 115 B.R. 202 (Bankr.E.D.Mo.

1990). The rationale given by this court is somewhat similar to my case. The Court remarked:

> Debtor's actions in this case strongly indicate the absence of a sincere intention to reorganize under Chapter 11. Virtually all of the indicia of "bad faith" set forth in the caselaw above are present in this case. This is a single-asset case. Lindbergh Retail was formed on the day of foreclosure. Thomas transferred his general partnership interest in Debtor to Lindbergh Realty on the day of foreclosure for no contemporaneous consideration. Debtor filed its petition on the day of foreclosure. *The case is essentially a two-party dispute.* There is an insignificant number of unsecured creditors. There are no employees to protect.
>
> Accordingly, this Court concludes that Debtor did not file its petition in "good faith" and the case must be dismissed pursuant to [sic] Section 1112(b) for cause.

*Id.* at 206 (emphasis added).

Finally, the case of *In re Campus Housing Developers, Inc.*, 124 B.R. 867 (Bankr. N.D.Fla.1991) is the most recent of these types of cases. In this case, the debtor had one secured creditor for its real estate and little unsecured debt. The debtor filed for bankruptcy after efforts to stop the foreclosure in state court provided unsuccessful. Finally, there appeared no reasonable possibility of a successful reorganization in a reasonable period of time. The Court concluded:

> Considering the facts presented, it is clear that this matter is nothing but *a two party dispute* that was already litigated in state court. CHD has fought with RTC over this property for well over a year. When it could not obtain any additional financing on terms which would have protected RTC's position, RTC foreclosed. CHD then continued to fight the foreclosure by filing affirmative defenses and counter-claims. When

---

1. *Schlangen* has been followed by a subsequent case in that district. See *In re Park Place Assoc.*,

115 B.R. 940 (Bankr.N.D.Ill.1989).

it lost in the state court, it filed for the protection of the Bankruptcy Code in an attempt to force RTC to refinance the loan on terms which it could not negotiate ... The bankruptcy court was not intended to provide debtors with an alternate forum for private disputes. *In re Panache Development Company, Inc.*, 123 B.R. 929 (Bkrtcy.S.D.Fla.1991) *citing In re Harvey Probber, Inc.*, 44 B.R. 647, 650 (Bkrtcy.Mass.1984).

*Id.* at 870 (emphasis added).

## CONCLUSION

This case is properly dismissable for cause pursuant to § 1112, as not being a good faith filing within the intended scope and coverage of chapter 11 of the Bankruptcy Code. This is simply a "two-party lawsuit" which has been transferred from the state courts to this court under the guise of a "reorganization" that amounts to nothing more than further delay during which the equity-holders hope to salvage their investment. No other parties are involved and no need for "reorganization" in any meaningful sense pertinent to the Bankruptcy Code is shown.