## In re MARSH FAIRWAY CORP., Debtor.

### Bankruptcy No. 91–13258.

United States Bankruptcy Court,
D. New Hampshire.

Dec. 17, 1992.

Eric Edward Nord, Peabody & Brown, Martha V. Gordon, Manchester, NH, sp. counsel, for debtor.

Donna L. DeKavis, DeKavis & Associates, Canton, MA, for Rolling Green @ Whip–Poor–Will.

Thomas J. Leonard, Prunier & Leonard, P.A., Nashua, NH, for Friel Family Golf & Development, Inc.

Nancy Michels, Michels & Michels, Londonderry, NH, for Rolling Green Condo Assoc.

J. Daniel Marr, Hamblett & Kerrigan, Nashua, NH, Counsel for FDIC, as receiver for Nashua Trust.

Daniel P. Luker, Sulloway Hollis & Soden, Concord, NH, for FDIC, as receiver for Numerica Sav. Bank.

William S. Gannon, Wadleigh, Starr Offices, Manchester, NH, for John E. Pearson.

Michael J. Fontaine, Welts and White, P.C., Nashua, NH, for Goldstar Wholesale Nursery, Inc.

Stephen E. Shamban, Braintree, MA, for Josephine Philpot.

## ORDER DISMISSING CASE

JAMES E. YACOS, Bankruptcy Judge.

This chapter 11 case came before the Court for a continued hearing on confirmation of the debtor's pending plan of reorganization on December 15, 1992 at which time the Court denied confirmation of the pending plan by separate order entered that date.

The Court at the same time heard the continued final oral argument on the motion of the defendant Marsh Fairway Corporation for summary judgment in *Joseph Philpot, et al. v. Marsh Fairway Corp., et al.*, Adversary Proceeding No. 91–1021, in which the plaintiff condominium owners are seeking injunctive and other relief relating to a long-running dispute with the defendants as to the rights of the condominium owners in the adjacent golf course involved in the condominium project. The adversary proceeding essentially duplicates pending lawsuits in the state courts which include zoning law violations alleged by the plaintiffs to have been committed by the defendants in conjunction with the golf course operation.

The Court by separate order entered December 15, 1992 in Adversary Proceeding No. 91–1021, denied the motion for summary judgment by the defendant, finding that there were genuine issues of material fact in dispute which would require a full-scale trial on the merits of all the claims put forth by the plaintiffs.

The pending plan of reorganization in effect denied all the claims put forth by the plaintiffs in the state court law suits (as restated in Adversary Proceeding No. 91–1021) and provides for a sale of the golf course property in a manner sufficient to pay off the secured mortgage against the property and thus benefit corporate insiders of the debtors who have personal guarantees with regard to the mortgage debt. It is clear that the subject property is undersecured and has no realizable equity value in terms of any conversion of these proceedings to chapter 7 and liquidation by a chapter 7 trustee. The secured claim involved is in excess of $3,900,000.

The plan does provide for the payment in full of some $14,000 in actual unsecured trade debt but it is clear that the debtor could easily pay that small amount of debt from accumulated cash and does not need the protections and provisions of chapter 11 of the Bankruptcy Code to accomplish that result. In essence what this chapter 11 proceeding amounts to is the filing by a defendant involved in state court lawsuits of a chapter 11 proceeding in which the "plan" states that "we win" with reference to the state court lawsuits. It then provides for the sale of the debtor's only substantial asset—the golf course—free of the claims of the plaintiffs.

Notwithstanding the foregoing this Court continued the chapter 11 proceeding on its docket under the possibility that the parties could either reach a consensual resolution of their dispute or the issues in question could be resolved on a summary judgment basis which would permit and facilitate a confirmable plan within a reasonable time in this Court.[1]

This chapter 11 case was commenced on November 1, 1991. After various hearings and continuances the Court set a final hearing on confirmation of the plan on December 15, 1992 and, as indicated above, has denied confirmation of the pending plan in view of the denial of the summary judgment requested by the debtor which would make the plan confirmable.

For reasons stated in conjunction with the denial of the confirmation of the plan, the Court has determined that no leave to file an amended plan nor any fur-

---

1. It should be noted that the plaintiffs in the state court litigation did not file a motion to dismiss this case *at the outset* as only a "two-party lawsuit" under this Court's ruling in *In re* *Nesenkeag,* 131 B.R. 246 (Bankr.D.N.H.1991). When a motion in that regard was filed much later it was denied as untimely.

ther continuation of confirmation hearings to await a full-scale trial in this Court of the same matters involved in the state court lawsuits is warranted. In the present circumstances of this case any plan that the debtor would put forward would not be a "plan of reorganization" within the contemplation of chapter 11 of the Bankruptcy Code but rather a "plan for litigation" which is not within the intended purposes of that statute. This is not a case in which the debtor in reorganization has a core business and core plan involving financial restructuring and financing, which can be considered for confirmation notwithstanding certain ancillary matters in dispute, where the disputed claims can be reserved for future hearings with their distribution escrowed and withheld pending final resolution.[2] On the contrary, the litigation here *is* the entire core of the so-called plan of reorganization, i.e., this Court would have to do exactly what the state courts would do in the state court lawsuits to determine the rights of the debtor and the objecting parties before any plan could be considered for confirmation.[3]

In these circumstances, with the debtor having been unable to bring the disputed matters to resolution either by consensual agreement or by summary judgment, the Court hereby finds and determines that this chapter 11 case should be dismissed for cause pursuant to § 1112(b) of the Bankruptcy Code and for inability to effectuate a plan within a reasonable time pursuant to § 1112(b)(2) of the Bankruptcy Code. Accordingly, it is hereby

ORDERED, ADJUDGED and DECREED as follows:

1. This chapter 11 case shall be dismissed effective 30 days from date in the absence of any motion for reconsideration as hereinafter provided.

2. The Clerk shall forthwith mail a copy of this order to all creditors in this estate, together with a notice indicating that inasmuch as no prior general notice of dismissal was given to creditors any creditor in this estate shall have 30 days from the date of this order to request reconsideration regarding dismissal as they may be advised.

3. This Court will retain jurisdiction notwithstanding dismissal of this case with regard to any requests for allowance of fees and expenses in this case provided that the same are filed within 30 days after the date dismissal becomes effective under this Order.

DONE and ORDERED.

---

**2.** I realize this plan provides for a sale of the debtor's assets and that plans of liquidation are permissible under the current Bankruptcy Code. 11 U.S.C. § 1123(b)(4) However, liquidating plans are normally appropriate only if an initial true reorganization plan fails and it is desirable for some reason to sell in chapter 11 rather than by a liquidating chapter 7 trustee. See generally *In re Jartran, Inc.,* 886 F.2d 859, 866–67 (7th Cir.1989); *In re Mobile Freezers,* 146 B.R. 1000 (S.D.Al, S.D.1992). Here there is no reason to consider conversion to chapter 7 in view of the lack of any equity in the assets.

**3.** Allowing the state court lawsuits to resume is particularly appropriate in the present case in that those law suits include a zoning law dispute that involves novel questions of law under the applicable state statutes. *See, generally, Garland & Lachance Const. Co., Inc. v. City of Keene, by its Planning Board,* 144 B.R. 586 (D.N.H.1991).