In re David JONES, Appellant/Debtor.

E. Mark NOONAN and John J. Hurley,
Trustees of Beach Realty Trust,
Appellees,

v.

David JONES, Appellant.

Lawrence P. Sumski and Geraldine
L. Karonis, Trustees.

Civ. No. 94–408–M.

United States District Court,
D. New Hampshire.

Nov. 8, 1994.

David Jones, pro se.

Nancy H. Michels, Michels & Michels, Londonderry, NH, for appellees.

Geraldine L. Karonis, trustee pro se.

Lawrence P. Sumski, Trustee, Amherst, NH, pro se.

## ORDER

McAULIFFE, District Judge.

This is an appeal of an order issued by the United States Bankruptcy Court for the District of New Hampshire. Appellant David Jones was, at all times relevant to this appeal, a debtor under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 1301, et seq. Appellant Catherine Jones is his wife. Appellees, E. Mark Noonan and John J. Hurley (collectively, "Hurley"), are trustees of Beach Realty Trust, a creditor and former landlord of appellants.

### I. Factual Background.

On October 13, 1993, Jones filed a petition in the bankruptcy court under Chapter 13 of the Bankruptcy Code. Along with his petition, Jones submitted a schedule of creditors that did not list Hurley. Nor did Jones list his residential lease with Hurley as an executory contract in Schedule H of his bankruptcy petition. Nor did Jones notify Hurley of his pending bankruptcy until sometime in late April, 1994. Although Jones claims that Hurley had constructive notice of his bankruptcy proceeding shortly after it was initiated, he has produced nothing, other than conclusory allegations, to support his assertion.

On February 14, 1994, without notice of the pending bankruptcy in New Hampshire, Hurley began an action for eviction against Jones in the District Court for Essex County, Gloucester Division, Commonwealth of Massachusetts. On February 28, 1994, Jones filed an answer and counterclaim. Nowhere in that pleading did Jones notify the court or Hurley of his pending bankruptcy proceeding. On April 5, 1994, Jones and Hurley executed an Agreement for Judgment in the state eviction case which required Jones to make certain payments to Hurley, terminated Jones' lease of the premises at issue, and granted Hurley judgment for possession. Again, however, Jones failed to disclose his pending bankruptcy proceeding. On April 20, 1994, after Jones failed to tender payments required by the Agreement for Judgment, Hurley moved the Massachusetts court to issue a writ of execution.[1]

After Hurley initiated the eviction proceedings against Jones, and after the parties entered into the Agreement for Judgment, the City of Gloucester directed Hurley to correct lead paint violations found at the leased property. Jones now argues that he could not legally have been evicted from the property for failure to pay rent *after* Hurley received notice of the lead paint problems. Jones points to Massachusetts law prohibiting a landlord from evicting a tenant in retaliation for having reported lead paint violations. He also claims that under Massachusetts law, he was entitled to withhold rent payments until the lead paint problem had been abated. He concludes, therefore, that his failure to tender rent to Hurley cannot operate as a basis for his eviction. His argument, at least in this forum, misses the mark.

The record is unmistakable: Hurley began eviction proceedings against Jones *prior* to receipt of any notice from the State of Massachusetts or the City of Gloucester of potential lead paint problems. *See* Appellants' Brief, Exhibits A and B (notice of lead paint violations, dated April 20, 1994). Absent other evidence, Hurley's actions could not be deemed to be retaliatory in nature. Moreover, Jones' non-payment of rent pre-dated the city's order to correct violations. To take refuge behind state law provisions permitting tenants to withhold rent until lead paint is-

---

1. The Agreement for Judgment was executed by the parties and the Massachusetts Housing Court on April 5, 1994. In it, Jones expressly agreed that his rental payments were in arrears with regard to the months of January, February, March and April of 1994, for a total arrearage of $4,000.00. The parties agreed that this amount would be reduced by $2,000.00 "on account of tenant's claims." The parties stipulated that judgment for possession would be entered in favor of Hurley on May 5, 1994. However, execution on that judgment was to be stayed until June 30, 1994, provided Jones made certain periodic payments to Hurley. When Jones failed to make the required payments, Hurley moved for execution on the judgment for possession.

sues are resolved, Jones must have been current in his rental payments when the remediation order issued. He was not. Of more importance, however, he should have presented his argument to the Massachusetts court as a defense in the eviction proceeding.

On April 25, 1994, Jones filed a pleading in the Massachusetts eviction case opposing issuance of a writ of execution. In that pleading, for the first time, Jones notified the Massachusetts court and Hurley that he had previously filed a Chapter 13 bankruptcy petition in New Hampshire. On May 12, 1994, Hurley moved the bankruptcy court for relief from the automatic stay provisions of the Bankruptcy Code (11 U.S.C. § 362(a)) and asked that the court retroactively annul the stay. Absent a retroactive annulment of the stay, the Massachusetts eviction proceedings, which were unknowingly begun in violation of the automatic stay, would have been void. *See, e.g., ICC v. Holmes Transportation, Inc.,* 931 F.2d 984, 987 (1st Cir.1991) ("Judicial actions and proceedings, as well as extrajudicial acts, in violation of the automatic stay, are generally void ... unless countenanced by the court in which the [bankruptcy] petition is pending.").

The Chapter 13 bankruptcy trustee, Lawrence Sumski, notified the bankruptcy court that he did not object to the relief requested by Hurley. Following a hearing on the matter, the bankruptcy court (Vaughn, J.) granted Hurley's motion for relief and retroactively annulled the stay. Importantly, Jones did not petition the bankruptcy court to stay its order pending his appeal to this court. *See* Bankr.R. 8005 (providing a mechanism by which the bankruptcy court may stay operation of an order or judgment pending appeal by an aggrieved party). In reliance upon the bankruptcy court's order granting retroactive relief from the automatic stay, Hurley finally obtained a writ of execution in Massachusetts and Jones was removed from the leased property.

Ultimately, the bankruptcy court dismissed Jones' bankruptcy petition, finding that Jones failed to make required payments to the Chapter 13 trustee and filed the petition in bad faith. Order of the Bankruptcy Court, September 1, 1994. 174 B.R. 8.

Presently before this court is Jones' appeal of the bankruptcy court's order granting Hurley retroactive relief from the automatic stay.

## II. Standard of Review.

■■■ When appealed to a district court, a bankruptcy court's legal determinations are reviewed *de novo. In re Gonic Realty Trust,* 909 F.2d 624, 626–27 (1st Cir.1990); *In re G.S.F. Corp.,* 938 F.2d 1467, 1474 (1st Cir. 1991). Findings of fact, however, are accorded much greater deference. This court will not disturb a bankruptcy court's factual findings unless they are clearly erroneous. *Briden v. Foley,* 776 F.2d 379, 381 (1st Cir.1985); Bankr.R. 8013. A factual finding is clearly erroneous when, although there is evidence to support it, the reviewing court, after consideration of all evidence before it, is left with the definite and firm conviction that a mistake has been made. *In re McIntyre,* 64 B.R. 27, 28 (D.N.H.1986).

## III. Discussion.

### A. *The Bankruptcy Mootness Doctrine.*

■■■ As a preliminary matter, the court must consider whether Jones' appeal is moot. A case presents a justiciable controversy only if there is an actual dispute between adverse litigants and a substantial likelihood exists that a favorable court decision will produce some effect on the legal rights of the parties. *North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971). A case is moot if a litigant's interest in the outcome of the action ceases before judgment. *United States Parole Commission v. Geraghty,* 445 U.S. 388, 397, 100 S.Ct. 1202, 1209, 63 L.Ed.2d 479 (1980). Here, Hurley argues that because Jones failed to seek a temporary stay of the bankruptcy court's order under Bankruptcy Rule 8005 before appealing that order, intervening events (his removal from the premises) have rendered the appeal moot. The court agrees.

The Massachusetts eviction proceeding is complete. Jones no longer occupies the property once leased to him by Hurley. To the extent Jones claims his eviction was im-

proper or unlawful, his proper recourse is through an appeal of the Massachusetts judgment. Notwithstanding Jones' suggestions to the contrary, this court is without authority to overturn the state court judgment of eviction.

The Court of Appeals for the Ninth Circuit has described the mootness doctrine, in the context of an appeal from a bankruptcy court's order, as follows:

Bankruptcy's mootness rule applies when an appellant has failed to obtain a stay from an order that permits a sale of a debtor's assets. Whether an order directly approves the sale or simply lifts the automatic stay, the mootness rule dictates that the appellant's failure to obtain a stay moots the appeal.

*In re Onouli–Kona Land Co.*, 846 F.2d 1170, 1171 (9th Cir.1988). Similarly, the Court of Appeals for the Eighth Circuit has held:

The mootness concern arises when, as here, it may be impossible for a court to grant effective relief because the disputed assets have been transferred pursuant to the reorganization plan. Bankruptcy Rule 805 [now incorporated into Rule 8005] addresses this concern with a procedure for [interested parties] to request a stay pending appeal from the bankruptcy court's order. Rule 805 also provides that, absent a stay, court-approved transfers are final in that transferees are protected against subsequent reversal.

*In re Information Dialogues, Inc.*, 662 F.2d 475, 476–77 (8th Cir.1981).

In this case, Hurley began the Massachusetts eviction action in good faith and without knowledge of Jones' pending bankruptcy. Upon learning of Jones' bankruptcy petition, Hurley promptly sought and obtained relief from the bankruptcy court, which enabled him to proceed with the pending eviction proceeding. Both Hurley and the Massachusetts court were entitled to rely upon the finality of the bankruptcy court's order

granting retroactive relief from the automatic stay. Had Jones wished to stymie the eviction proceeding pending his appeal to this court, he could and should have sought a stay of the bankruptcy court's order. Bankr.R. 8005.

As noted in *Collier on Bankruptcy*, "[a]s a practical matter, situations will arise where what may be done under the judgment by the prevailing party is beyond the power of the district judge to undo by reversal of the order. **In such case, seeking a stay becomes mandatory. Otherwise, the appeal may be dismissed as moot.**" 9 *Collier on Bankruptcy*, ¶ 8005.03, pg. 8005–4 (15th ed. 1994) (citations omitted) (emphasis added). This is such a case. Jones' appeal is moot.[2]

### B. *The Substance of Jones' Appeal.*

Because the issues raised are moot, Jones' appeal must be dismissed. However, to the extent that his appeal could be construed as presenting an actual case or controversy, the court will briefly address its substance, as a matter of efficiency.

Jones challenges two aspect of the bankruptcy court's order. First, he claims that Hurley was not entitled to relief from the automatic stay provisions of the Bankruptcy Code. Next, he argues that even if such relief were properly granted, the bankruptcy court abused its discretion by awarding such relief retroactively.

### 1. *Relief from the Automatic Stay.*

■ Jones has not pointed to any facts which might undermine the bankruptcy court's finding that Hurley was entitled to relief from the automatic stay. First, Jones claims that the subject property was necessary to effective reorganization under Chapter 13. *See* 11 U.S.C. § 362(d)(2)(B). In support of his argument, Jones claims that he used the property as both a residence and a home office, from which he practiced law. But, in light of Jones' repeated use of anoth-

---

**2.** Although not raised by Jones, the court notes that section 362(h) of the Bankruptcy Code provides that any person injured by a willful violation of the automatic stay may recover actual damages and, in appropriate circumstances, punitive damages. However, because Hurley did not act willfully (and because, to the extent necessary, the court affirms the bankruptcy court's order granting Hurley retroactive relief from the automatic stay), Jones has no remedy under section 362(h).

er mailing address for business mail, and his use of business stationery which describes an office at 290 Broadway, Methuen, Massachusetts, his claim is at least dubious. Nevertheless, because he introduced no evidence supporting the assertion that he was generating income as an attorney *and* that the so-called home office was necessary to effective reorganization, the bankruptcy court correctly concluded that the property was not necessary to an effective reorganization.

The findings of the bankruptcy court provide useful insight into Jones' employment status and sources of income:

> The debtor testified that his current income was insufficient to support he and his wife and their six minor children and fund the Chapter 13 plan. The only evidence of recent income was a temporary position at Clark University which has since concluded, and minor consulting fees. The debtor provided no testimony at the July 6, 1994, hearing on either future jobs or future income other than that he was actively seeking employment and would have income if he ultimately prevailed in the various litigation he was pursuing.

Order of the Bankruptcy Court, September 1, 1994, at 8. In the absence of at least some countervailing *evidence* from Jones, beyond unsupported arguments, it was not "clearly erroneous" for the bankruptcy court to find that the subject property was not necessary to an effective reorganization.

■ Finally, Jones has failed to present any evidence to support his claim that he had equity in the leasehold interest in the property or that Hurley was "adequately protected," particularly in light of the fact that Jones' rent was four months in arrears and his Chapter 13 plan did not propose to make any payments to Hurley. Accordingly, the bankruptcy court's conclusion that Hurley met the requirements of sections 362(d)(1) and/or 362(d)(2) and was entitled to relief from the automatic stay was not "clearly erroneous."

### 2. *Bankruptcy Court's Power to Grant Retroactive Relief.*

■ While conceding that several circuit courts of appeal have expressly recognized a bankruptcy court's authority to annul the automatic stay retroactively, Jones argues that the law of this circuit does not permit such an order. The court disagrees.

Section 362(a) of the Bankruptcy Code establishes the nature and scope of the automatic stay. It provides:

> Except as provided in subsection (b) of this section, a petition filed under section 301 [voluntary cases], 302 [joint cases] or 303 [involuntary cases] of this title, ... operates as a stay, applicable to all entities, of—
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> \*      \*      \*      \*      \*      \*
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; ...

11 U.S.C. 362(a). The purpose of the automatic stay is to "protect the bankrupt's estate from being eaten away by creditors' lawsuits and seizures of property before the trustee has had the opportunity to marshal the assets and distribute them among the creditors." *In re Nelson*, 994 F.2d 42, 44 (1st Cir.1993) (citations omitted).

Section 362(d) of the Bankruptcy Code, 11 U.S.C. § 362(d), a subsection of the automatic stay provisions, states:

> On the request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, *annulling*, modifying, or conditioning such stay ...

11 U.S.C. § 362(d) (emphasis added). "The word 'annulling' in this provision evidently contemplates the power of bankruptcy courts to grant relief from the stay which has retroactive effect; otherwise, its inclusion, next to 'terminating', would be superfluous." *In re*

**650**

*Albany Partners, Ltd.,* 749 F.2d 670, 675 (11th Cir.1984). That section 362(d) of the Bankruptcy Code permits a bankruptcy court to grant retroactive relief from the automatic stay is also supported by scholarly analysis:

> The flexibility of section 362 is underscored by the language of subsection (d) which provides that relief may be granted by "terminating, annulling, modifying, or conditioning" the stay. The effect is to permit the court to fashion the relief to the particular circumstances of the case. Thus, modification or conditioning of the stay may be sufficient to protect the non debtor party by permitting the exercise of certain of its rights. **The use of the word "annulling" permits the order to operate retroactively, thus validating actions taken by a party at a time when he was unaware of the stay.** Such actions would otherwise be void.

2 Collier of Bankruptcy, ¶ 362.07, pg. 362–61 (15th ed. 1994) (emphasis added).

Although the court of appeals for this circuit has yet to address the issue, a number of other courts of appeal, like the Eleventh Circuit in *Albany Partners, supra,* have ruled that bankruptcy courts may retroactively annul the automatic stay. *In re Pinetree, Ltd.,* 876 F.2d 34, 37 (5th Cir.1989); *Easley v. Pettibone Michigan Corp.,* 990 F.2d 905, 909–10 (6th Cir.1993); *In re Schwartz,* 954 F.2d 569, 573 (9th Cir.1992). Moreover, other federal courts in this circuit have examined the issue and have reached the same conclusion. *In re Nasson College,* 80 B.R. 600, 604–05 (Bankr.D.Me.1988); *Schulz v. Holmes Transportation, Inc.,* 149 B.R. 251, 257 (D.Mass.1993).

In light of the persuasive authority cited above, the court concludes that section 362(d) of the Bankruptcy Code does authorize bankruptcy courts to annul the automatic stay retroactively, in appropriately limited circumstances when equitable considerations warrant. Here, because Hurley began the state eviction proceeding in good faith and without knowledge of Jones' pending bankruptcy, and promptly sought relief from the automatic stay upon learning of Jones' bankruptcy, the bankruptcy court's order granting retroactive annulment of the stay was entirely appropriate.

## IV.   Conclusion.

Because Jones' appeal is moot, it must be dismissed. Appellants' motion to dismiss (document no. 6) is, therefore, granted.

However, to the extent that Jones' appeal might not be moot, the court affirms the order of the bankruptcy court and concludes that: (i) the bankruptcy court properly exercised its authority to grant retroactive relief from the automatic stay; (ii) the facts and circumstances presented in this case warranted an award of retroactive relief; and (iii) the bankruptcy court based its order granting relief upon factual determinations which were not "clearly erroneous."

SO ORDERED.